UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x                Civil Action No. 20-cv-03908 (KPF)
ROBERT TARDIF, JR., SOLELY IN HIS
CAPACITY AS CHAPTER 7
TRUSTEE FOR THE ESTATE OF
JANE DOE

                       Plaintiff,

  -against-

KEVIN CAHILL,

                     Defendant.
--------------------------------------------------------x

**MEMO ENDORSED**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE KEVIN CAHILL JR. AS DEFENDANT

C.A. Goldberg, PLLC

By:   /s/ *Aurore C. DeCarlo*
       Aurore C. DeCarlo
       16 Court Street, 33rd Floor
       Brooklyn, NY 11241
       Tel. (646) 666-8908
       Email: aurore@cagoldberglaw.com

## PRELIMINARY STATEMENT

Pursuant to Rule § 25(a)(1) of the Federal Rules of Civil Procedure ("F.R.C.P."), Plaintiff by his undersigned counsel, submits this Memorandum of Law in support of the Motion for an Order substituting Kevin Cahill, Jr. as the representative of Dr. Kevin Cahill's estate, as Defendant.

## BACKGROUND

The instant matter was commenced in May 2020. While litigation was still pending, counsel for Defendant Kevin Cahill ("Dr. Cahill") submitted a letter to the court advising that Dr. Cahill had passed away (Doc. No. 61). By letter dated November 14, 2022, counsel for Defendant informed the court that neither an administrator nor an executor had yet been appointed for Dr. Cahill's estate. The letter further stated that Dr. Cahill's family was trying to locate an original Will and there had been "other delays". (Doc. No. 62). By Memo Endorsement the Court directed the parties to file a letter updating the Court on the status of a substitution for Defendant on or before January 5, 2023 (Doc. No. 63). By letter dated January 4, 2023, counsel for Defendant informed the court that neither an administrator nor an executor had yet been appointed for Dr. Cahill's estate but that an application was being prepared to have Dr. Cahill's Will admitted and probated. (Doc. No. 64). By letter dated February 9, 2023 counsel for Plaintiff advised the court that counsel had had the opportunity to question Dr. Cahill's personal attorney, Leo McGinity, regarding the status of the appointment of an estate representative. Mr. McGinity largely repeated the details laid out in the January 4th, 2023 letter to the court. However he revealed that Dr. Cahill's family had a copy of Dr. Cahill's Will in their possession but that they could not find an original copy of the Will. He advised that it was his understanding that a petition had been prepared and filed with the Nassau County Surrogate's Court but a search of

1

that court's online records did not reveal any such application. Mr. McGinity did not elaborate on the dictates of the Will or on the identification of an executor or administrator therein. In Plaintiff's February 9th letter, Plaintiff sough an enlargement of time to identify a proper party to substitute a proper party as Defendant. (Doc. No. 65). The court granted Plaintiff's application, ordering a status update on or before April 7, 2023 (Doc. No. 66). Since that time, Plaintiff discovered that a petition had indeed been filed with Nassau County Surrogate's Court. That petition was filed by Kevin Cahill, Jr., Dr. Cahill's son. A copy of that petition is attached as **Exhibit A.** Accompanying the petition was a document titled "Will of Testator Original". This document is purportedly a copy of the original Will that Dr. Cahill executed on February 16, 2013. This document reflects that Dr. Cahill appointed Kevin Cahill, Jr., his son, as executor of his estate. A copy of this document is annexed as **Exhibit B**. In a subsequent filing, an "Affidavit of Comparison" was filed with the Surrogate's Court. In that Affidavit, sworn to on March 24, 2023, the attestant verified that the copy of the Will submitted to the Court was a true copy of the original Will dated February 16, 2013. A copy of the Affidavit of Comparison is annexed hereto as **Exhibit C**.

## ARGUMENT

I. **The court should substitute Kevin Cahill, Jr. , in his capacity as the representative of Dr. Cahill's Estate, as Defendant.**

Under Federal Rule of Civil Procedure § 25(a)(1), a proper party must be substituted in cases where a party has died. Although the criteria to determine a proper party can vary from state to state, the Court requires a persuasive factual presentation to explain why the substituting party

should be accepted. A state court ruling is not necessary for a Court to decide if a party is proper for substitution, as seen in *U.S. Bank N.A. v. Sager,* 2:19-cv-02229 (E.D.N.Y. 2022) at 3.

Court rulings on Fed. R. Civ. Proc. 25(a)(1) have determined that a person can be considered a legal successor of a decedent if they are either: 1) the main beneficiary of an estate that has already been distributed; 2*) named in a will as the executor, even if the will is not probated*; or 3) the main beneficiary of an unprobated estate which does not need to be probated. *CFS 12 Funding LLC v. Wiesen*, No. 21-CV-9711, at *2 (S.D.N.Y. 2022) (emphasis added).

A party substituted for a decedent under Rule 25 need not be formally appointed as the representative of the estate. *U.S. Bank N.A.*, *supra*, at *4 (E.D.N.Y. 2022) ("Where there is no appointed representative, and no practical need to seek one, the district court should ... look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf.")

"The Second Circuit has endorsed a flexible approach to interpreting Rule 25 ... because there can be time delays between the date of a party's death and the probate court being in a position to appoint a representative under the law of the domicile of the deceased." *Cabisca v. City of Rochester*, No. 14-CV-6485, at *1 (W.D.N.Y. 2018). In *Unicorn Tales, Inc. v. Banerjee* the Second Circuit rejected the argument that an estate must be probated and a representative selected before the statement of death is filed under Rule 25. 138 F.3d 467, 469 (2d Cir. 1998). Such a result would have been inconsistent with the purpose of Rule 25's 1963 amendment, namely, to avoid the "inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of the death." *Id*.

Here, a copy of Dr. Cahill's will, clearly identifies Kevin Cahill, Jr. as the executor of Dr. Cahill's estate. The will is in the process of being probated. The court in *Bruccoleri v. Gangemi*

3

held that "where …the decedent has left a will that has not been submitted for probate, and which is not likely to be probated in the foreseeable future, the "proper party" will generally be the person (if any) named in the decedent's will as the executor of his or her estate." No. 17-CV-7443 at *8 (E.D.N.Y. 2019). Here Dr. Cahill's will *has* been submitted for probate and a person, Kevin Cahill, Jr., has been named as executor therein. Pursuant to the relevant rulings interpreting Rule 25(a)(1), Kevin Cahill Jr. should be considered a proper party and duly substituted as Defendant in his capacity as representative of Dr. Cahill's estate.

## CONCLUSION

For the foregoing reasons, the Court should grant the instant Motion, substitute Kevin Cahill, Jr. as Defendant, and amend the caption accordingly.

Dated: Brooklyn, New York
April 7, 2023

C.A. Goldberg, PLLC

By: */s/ Aurore C. DeCarlo*
Aurore C. DeCarlo

The Court understands from its electronic communications with the parties that Dr. Cahill's has still not been probated, but that it likely will be within the next several weeks.  At that time, the Court understands that Kevin Cahill will be apppointed as a representative of Dr. Cahill's estate, and there will be no need for a motion.

Accordingly, Plaintiff's above motion to substitute is DENIED without prejudice to its renewal, if necessary, after Dr. Cahill's will is probated.  The parties are to file a status letter with the Court on or before June 23, 2023, if the will has not been probated by that time.

The Clerk of Court is directed to terminate the pending motion at docket number 69.

Dated:     May 3, 2023              SO ORDERED.
           New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE