UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT TARDIF, JR., AS CHAPTER 7
BANKRUPTCY TRUSTEE OF THE ESTATE
OF MEGAN WESKO,

                    Plaintiff,

             -v.-

KEVIN CAHILL, JR., AS EXECUTOR OF THE
ESTATE OF KEVIN CAHILL, M.D.,

                    Defendant.

20 Civ. 3908 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Now before the Court is the latest chapter in a lawsuit brought originally under a pseudonym by then-plaintiff Megan Wesko, alleging disturbing physical and emotional violations inflicted upon her by then-defendant Kevin Cahill, M.D., a doctor from whom she sought care. As the parties are aware, the procedural history of this case has been complicated by a parallel bankruptcy proceeding initiated by Wesko in the United States Bankruptcy Court for the Middle District of Florida.

In its prior opinion in this matter, the Court granted Wesko's motion for leave to substitute Robert Tardif, Jr., in his capacity as Chapter 7 Bankruptcy Trustee of the Estate of Megan Wesko ("Tardif" or the "Trustee"), for Wesko as Plaintiff in this action, and it allowed the case to proceed to discovery with the Trustee serving as Plaintiff. *See Doe* v. *Cahill*, No. 20 Civ. 3908 (KPF), 2021 WL 3501196, at *8 (S.D.N.Y. Aug. 9, 2021) ("*Cahill I*"). In doing so, the Court correspondingly denied Defendant's motion to dismiss, which motion was

predicated on Wesko's lack of standing to pursue claims in her own capacity while her bankruptcy proceeding was ongoing. *Id.*

Following that decision, the parties have litigated this case, conducting document discovery and taking depositions. In the intervening time period, however, several events have occurred that resulted in changes, or potential changes, to the parties to the suit. On Defendant's side, Dr. Cahill passed away, and his son and executor was substituted into the case as the new Defendant. On Plaintiff's side, Wesko's bankruptcy proceeding concluded, and the Court was informed that (i) Tardif had been discharged as the Chapter 7 Trustee and (ii) ownership of the claim at issue in this litigation had reverted back to Wesko. Accordingly, the parties have returned to Court seeking what is essentially a repeat of *Cahill I*: The Trustee has moved to substitute Wesko back in as Plaintiff in this matter pursuant to Rules 17(a) and 25(c) of the Federal Rules of Civil Procedure, and Defendant has once again cross-moved to dismiss the Complaint. For the reasons that follow, the Court grants the Trustee's motion to substitute and denies Defendant's cross-motion to dismiss.

## BACKGROUND[1]

The Court assumes familiarity with the factual and procedural histories of this litigation and incorporates by reference the facts set forth in *Cahill I.*

---

[1]   The facts in this Opinion are drawn from the well-pleaded allegations of Plaintiff's Complaint ("Compl." (Dkt. #5)), which is the operative pleading in this action. The Court also relies on the exhibits appended to the Affirmation of Aurore C. DeCarlo, Esq. ("DeCarlo Aff." (Dkt. #22)), as well as the Declaration of Robert E. Tardif, Jr. ("Tardif Decl." (Dkt. #79)).

Because the parties to the litigation have changed over time, references to "Plaintiff" and "Defendant" can be confusing. Unless otherwise indicated, references to "Plaintiff" in this Opinion are to the Trustee, Robert Tardif, Jr.; references to "Defendant" are to the

The Court summarizes below only the facts and procedural history essential to the adjudication of the instant motions.

Wesko alleges that in January and February 2019, Dr. Cahill committed two separate sexual assaults on her when she visited his medical office seeking treatment for endometriosis. (*See generally* Compl. ¶¶ 1-7, 27-38). Wesko alleges that both prior to and following those assaults, Dr. Cahill subjected her to "incessant" and "intrusive" communications, until she cut off all contact with him in or around July 2019. (*See id.* ¶¶ 19, 24, 40-42).

Unrelated to these events, on or about October 30, 2019, Wesko initiated a bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Florida by filing a petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Action"). (DeCarlo Aff., Ex. A (the "Bankruptcy Petition")). In listing her assets and potential assets in the Bankruptcy Petition, Wesko represented that she did not have any claims against third parties. (Bankruptcy Petition 13-14 (Official Form 106A/B) (answering "no" to the question, "Do you own or have any legal or equitable interest in … [c]laims against third parties, *whether or not you have filed a lawsuit or made a demand for payment[?]*" (emphasis added))). The bankruptcy court proceeded to discharge Plaintiff's debts in an order issued by Judge Caryl

<hr/>

current Defendant, Kevin Cahill, Jr.; and references to "Dr. Cahill" are to the former Defendant, Kevin Cahill, M.D. In addition, the Court refers to Plaintiff's opening brief in support of his motion to substitute as "Pl. Br." (Dkt. #78); to Defendant's brief in partial opposition to Plaintiff's motion to substitute and in support of his cross-motion to dismiss as "Def. Br." (Dkt. #82); to Plaintiff's brief in opposition to Defendant's cross-motion to dismiss and in further support of his motion to substitute as "Pl. Reply" (Dkt. #83); and to Defendant's brief in further support of his cross-motion to dismiss as "Def. Reply" (Dkt. #84).

E. Delano on February 4, 2020.  (DeCarlo Aff. ¶ 6; *id.*, Ex. D).  Thereafter, on May 22, 2020, the bankruptcy court issued an order approving the Trustee's accounting of the estate, discharging the Trustee, and closing the case.  (*Id.*).

On May 20, 2020, Wesko initiated this action by filing her Complaint, asserting claims against Dr. Cahill for battery, assault, sexual assault, negligent infliction of emotional distress, negligence, and violations of the New York City Gender-Motivated Violence Act, N.Y.C. Admin. Code §§ 8-901 to 8-907.  (Dkt. #5).  Shortly thereafter, on July 8, 2020, Dr. Cahill informed the Court of Wesko's Bankruptcy Action in the Middle District of Florida.  (*See* Dkt. #11 at 1-2).  Wesko responded to Dr. Cahill's letter on July 13, 2020, requesting a 30-day stay of this action in order to allow her to amend her Bankruptcy Petition to disclose her claims against him, which motion the Court granted.  (Dkt. #12-13).

That same day, Wesko filed a motion to reopen her bankruptcy case in the Middle District of Florida, which motion the bankruptcy court granted on the following day.  (DeCarlo Aff., Ex. E; *id.*, Ex. F).  On July 17, 2020, Wesko filed an amended schedule to her Bankruptcy Petition that reflected the instant matter as a pending third-party action and potential asset.  (*Id.*, Ex. G at 7 (Official Form 106A/B)).  Shortly thereafter, the Trustee requested the bankruptcy court's permission to retain Wesko's counsel as special counsel for the purpose of pursuing Wesko's claims in the instant litigation.  (*Id.*, Ex. H). The bankruptcy court granted the Trustee's application on July 24, 2020.  (*Id.*, Ex. I).

On October 23, 2020, Wesko filed a motion in this case to substitute the Trustee as Plaintiff.  (Dkt. #21-23).  On August 9, 2021, the Court granted Wesko's motion to substitute, denied Dr. Cahill's motion to dismiss, and permitted this case to proceed to discovery.  *See Cahill I*, 2021 WL 3501196, at *8.  (Dkt. #30).  Since then, the parties have extensively litigated this case and, at the close of fact discovery, requested a referral to Magistrate Judge Ona T. Wang for a settlement conference.  (*See* May 12, 2022 Minute Entry; Dkt. #51). On June 24, 2022, the eve of that conference, counsel for Dr. Cahill notified the Court that the Trustee — who had been duly administering Wesko's bankruptcy estate — had determined that the claims underlying the instant action were subject to a full exemption.  (Dkt. #54; *see also* Tardif Decl. ¶ 6). Specifically, the Trustee filed a report of no distribution for the bankruptcy case on May 3, 2022 (Tardif Decl. ¶ 7), and, by order dated June 3, 2022, the bankruptcy court discharged Tardif as the Trustee of Wesko's estate and closed the bankruptcy case (*id.* ¶ 8).

In light of Dr. Cahill's letter, the Court scheduled a conference (Dkt. #55-56), which was held on July 19, 2022 (*see* July 19, 2022 Minute Entry). During the conference, the Trustee informed the Court that he anticipated filing a motion to substitute Wesko back in as Plaintiff.  In response, Dr. Cahill notified the Court of his intention to file a cross-motion to dismiss, based on his position that the Court's decision in *Cahill I* permanently deprived Wesko of standing to pursue her claims against Dr. Cahill.  One week later, the parties

filed a proposed briefing schedule for their anticipated motions (Dkt. #57), which schedule the Court endorsed the next day (Dkt. #58).

On September 15, 2022, counsel for Defendant notified the Court of the passing of Dr. Cahill.  (Dkt. #59).  The Court subsequently adjourned the briefing schedule and substituted Kevin M. Cahill Jr., in his capacity as executor of the Estate of Kevin Cahill, M.D., as Defendant.  (Dkt. #76).

In accordance with the revised briefing schedule, on September 27, 2023, the Trustee submitted a motion to substitute Wesko as Plaintiff (Dkt. #77-80); Defendant responded with a partial opposition to Plaintiff's motion to substitute and a cross-motion to dismiss on October 16, 2023 (Dkt. #81-82); Plaintiff submitted a brief in opposition to Defendant's motion to dismiss and in further support of his motion to substitute on November 3, 2023 (Dkt. #83); and briefing concluded with the filing of Defendant's reply brief in further support of his motion to dismiss on November 17, 2023 (Dkt. #84).

## DISCUSSION

**A.    Applicable Law**

### 1.    Substitution of Parties Under Federal Rules of Civil Procedure 17(a) and 25(c)

Rule 17(a) of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  This rule "ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the litigation can bring the claim."  *Cortlandt St. Recovery Corp.* v. *Hellas Telecommunications, S.a.r.l.*, 790

F.3d 411, 420 (2d Cir. 2015) (citations, alteration, and internal quotation marks omitted).

In turn, substitution of parties upon transfer of interest is governed by Federal Rule of Civil Procedure 25(c), which provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties."  *Travelers Ins. Co.* v. *Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995); *accord SEC* v. *Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020).  Moreover, "[s]ubstitution of a successor in interest under Rule 25(c) is generally within the sound discretion of the trial court."  *Cody* v. *Charter Commc'ns, LLC*, No. 17 Civ. 7118 (KMK), 2020 WL 3639935, at *7 (S.D.N.Y. July 6, 2020) (quoting *Advanced Mktg. Grp., Inc.* v. *Bus. Payment Sys., LLC*, 269 F.R.D. 355, 358 (S.D.N.Y. 2010) (alteration and internal quotation marks omitted)).

### 2. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."

*Lyons* v. *Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016)

(quoting *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

A related issue is that of standing.  To bring a case or controversy within the subject matter jurisdiction of federal courts, a plaintiff must have standing under Article III of the Constitution, which requires "a 'personal stake' in the outcome 'throughout the life of the lawsuit.'"  *Libertarian Party of Erie Cnty.* v. *Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020), *cert. denied sub nom. Libertarian Party* v. *Cuomo*, 141 S. Ct. 2797 (2021) (quoting *Cook* v. *Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993)); *see generally Thole* v. *U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020).  To establish standing, a federal plaintiff must prove (i) an "injury in fact," constituting an "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (ii) "a causal connection between the injury and the conduct complained of"; and (iii) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted).

**B.    Analysis**

**1.    Wesko Is the Real Party in Interest in This Action**

Rule 25(c) of the Federal Rule of Civil Procedure provides that, in the case of any transfer of interest, a court may, upon motion, direct "the person to whom the interest is transferred to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  "Courts will frequently grant

substitution where a party has fully transferred its interest to another person or entity." *Collector's Coffee Inc.*, 451 F. Supp. 3d at 297-98.

In *Cahill I*, the Court agreed with Defendant that Wesko lacked standing because her claims were, at that time, "property of her bankruptcy estate," such that Wesko maintained no personal interest in the action.  2021 WL 3501196, at *4.  Still, given the willingness of the Trustee to prosecute Wesko's claims, and the filing of the amended petition in the Bankruptcy Proceeding, the Court determined that the most equitable way forward was to substitute the Trustee as Plaintiff rather than dismiss the action in its entirety. *Id.* at *5-6; *see Kohlbrenner* v. *Victor Belata Belting Co.*, No. 94 Civ. 915 (JTE), 1998 WL 328639, at *2 (W.D.N.Y. June 3, 1998) ("Where a former debtor commences an action and asserts claims that belong to her bankruptcy estate, the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor.").

In the approximately three years since the issuance of *Cahill I*, however, the Trustee has determined that the claims — initially omitted but later included by amendment to Wesko's bankruptcy proceeding — are subject to a full exemption and, thus, no longer property of the bankruptcy estate.  (Tardif Decl. ¶ 6).  Accordingly, on June 3, 2022, he was discharged as the Trustee of Wesko's estate, and the Bankruptcy Proceeding was closed.  (*Id.* ¶ 8).  Plaintiff thus asserts — and Defendant agrees — that because Tardif has abandoned the claims to Wesko, she is the real party in interest.  (Pl. Br. 5-6; Def. Br. 3). The Court also agrees.

"[W]hen a bankruptcy case is closed, 'correctly scheduled property not otherwise administered by the trustee is abandoned to the debtor.'" *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011) (quoting *Lopez* v. *Specialty Rests. Corp.*, 283 B.R. 22, 31 (9th Cir. BAP 2002) (Klein, J., concurring)); *see also Ayazi* v. *N.Y.C. Bd. of Educ.*, No. 98 Civ. 7461 (NGG) (CLP), 2006 WL 1995134, at *3 (E.D.N.Y. Jul. 14, 2006) ("If a cause of action becomes property of the bankruptcy estate, 'the debtor may not bring suit on that action *unless the property has been abandoned by the trustee.*'" (quoting *Barletta* v. *Tedeschi*, 121 B.R. 669, 671-72 (N.D.N.Y. 1990) (emphasis added))).  "[A] trustee's intent to abandon an asset must be clear and unequivocal[.]" *Chartschlaa* v. *Nationwide Mut. Ins. Co.*, 538 F.3d 116, 123 (2d Cir. 2008).

Here, the Trustee has made clear that he has abandoned Wesko's claims back to her.  Tardif's Declaration stating his abandonment of the claims to Wesko cites to 11 U.S.C. § 554(c), which instructs that, "[u]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."  The Declaration continues that "any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case" — which includes Wesko's claims — are "*abandoned to the debtor*[.]"  (Tardif Decl. ¶ 9 (emphasis added)).  The Trustee further demonstrated his intent to abandon the claims back to Wesko by declaring, "[t]he bankruptcy estate does

10

not have any interest in the claims pending on this matter and I, as Trustee of the bankruptcy estate, no longer have standing as Plaintiff." (*Id.* ¶ 10).

Because the Trustee abandoned the claims underlying this action back to Wesko, the Court finds Wesko is "the person to whom the interest is transferred" and is thus the real party in interest. Fed. R. Civ. P. 25(c). Accordingly, the Court grants the Trustee's motion to substitute Wesko back in as Plaintiff in this action.

### 2.    Wesko Has Standing to Pursue This Action

While agreeing that Wesko is the real party in interest and should be substituted as Plaintiff, Defendant asserts that — once she is substituted — the Court should dismiss the action because Wesko lacks standing to pursue it. (Def. Br. 3-6). In particular, Defendant relies on this Court's observation, in *Cahill I*, that Wesko lacked standing because, as a result of her failure to disclose her claims to the bankruptcy court, her "claim[s] remain[ed] the property of the bankruptcy estate even after discharge." 2021 WL 3501196, at *4 (citing *Cody*, 2020 WL 3639935, at *6). Accordingly, Defendant argues that even following the conclusion of the Bankruptcy Proceeding, Wesko cannot regain an interest in her claims as that interest remains with the bankruptcy estate. Defendant's conclusory argument, however, overlooks the actual facts of the Bankruptcy Proceeding and their significance to this action.

As discussed, Wesko's re-opening of her Bankruptcy Proceeding and filing of an amended bankruptcy schedule disclosing her claims provided the Trustee with the opportunity to (i) consider and pursue those claims,

11

(ii) subsequently determine that they were exempt, and (iii) abandon the claims back to Wesko.  Pursuant to these events, Wesko's claims were properly discharged and no longer remain the property of the bankruptcy estate, belying Defendant's position to the contrary.  Rather, and as the Trustee correctly notes, Wesko regains standing to pursue the claims, as the Trustee has abandoned the estate's interest in the claims to her.  *See Chartschlaa*, 538 F.3d at 122 (stating that while undisclosed assets automatically remain property of the estate after the case is closed, "properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case"); *see also Rosenshein* v. *Kleban*, 918 F. Supp. 98, 102 (S.D.N.Y. 1996) (stating that a debtor may recover property of the estate that is abandoned to them, where the property in question was a lawsuit).

Indeed, the facts that Wesko ultimately disclosed her claims through amendment to her bankruptcy proceeding, and that, after due consideration, those claims were determined to be fully exempt, readily distinguish this case from others in which courts have found a lack of standing.  *See Cody*, 2020 WL 3639935, at *6 (finding that plaintiff lacked standing because she failed to disclose the existence of her claims in her bankruptcy action, such that the claims "remain[ed] the property of the bankruptcy estate even after discharge"); *see also Ibok* v. *Siac-Sector Inc.*, No. 05 Civ. 6584 (GBD) (GWG), 2011 WL 979307, at *2 (S.D.N.Y. Mar. 14, 2011) (reasoning that because plaintiff neither "made a written disclosure of the instant lawsuit," nor disclosed it orally to the

trustee, the claim "belong[ed] to the bankruptcy estate, not to [p]laintiff"); *Isnady* v. *Vill. of Walden*, No. 18 Civ. 2662 (NSR), 2019 WL 3252753, at *5, 8 (S.D.N.Y. July 19, 2019) (reasoning that because plaintiff never amended the bankruptcy schedule to disclose the claims, those claims had not been abandoned by bankruptcy trustee); *Mintz* v. *Transworld Sys., Inc.*, No. 14 Civ. 7044 (JS) (SIL), 2016 WL 4367221, at *4-5 (E.D.N.Y. May 16, 2016) (same); *Leible* v. *Goodyear Tire & Rubber Co.*, No. 13 Civ. 47 (HKS), 2015 WL 5542447, at *1-2 (W.D.N.Y. Sept. 18, 2015) (noting that plaintiff did not disclose his claims when he amended his schedule of assets); *Coffaro* v. *Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) (relying on finding that plaintiff failed to list his interest in disputed asset on his bankruptcy schedule, and thus that the "claim remains the property of the bankruptcy estate even after discharge"); *Rosenshein* v. *Kleban*, 918 F. Supp. 98, 103 (S.D.N.Y. 1996) (reasoning that no application was made to reopen the bankruptcy proceeding so that creditors could benefit from any recovery from the lawsuit).  In sum, because Wesko's claims were properly addressed in the bankruptcy proceeding and no longer remain property of the bankruptcy estate, the Court finds that Wesko has standing to pursue this action.[2]

---

[2]     Defendant also argues that Wesko lacks standing because she is "precluded from recovering any monetary damages."  (Def. Br. 4).  Specifically, Defendant asserts that because Wesko is "not suing for injunctive relief or to bring Dr. Cahill's alleged conduct to the public's attention," prosecuting a lawsuit without a monetary award is not sufficient to meet Article III requirements of redressability.  (*Id.* at 6).  As will be addressed in the following section, however, given the Court's finding that Wesko is not precluded from recovery for her own benefit, it need not reach Defendant's argument.

### 3.    The Court Denies Defendant's Claim for Lack of Subject Matter Jurisdiction

Finally, Defendant asserts that even if Wesko has standing to pursue this action, the Court lacks subject matter jurisdiction.  (Def. Br. 6-7).  Defendant reasons that, under the law of the case doctrine, this Court must adhere to its prior finding that "the Trustee may not seek any recovery for Plaintiff's (as distinguished from the estate's) benefit."  *Cahill I*, 2021 WL 3501196, at *8. Thus, in Defendant's view, Wesko cannot satisfy the amount in controversy requirement under 28 U.S.C. § 1332.  On this point as well, the Court rejects Defendant's unduly constrained reading of *Cahill I*, and will allow Plaintiff to seek damages, including damages sufficient to meet the amount in controversy requirement.

"The law of the case doctrine, although not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons."  *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011) (internal quotation marks omitted).  A district court may "depart from the law of the case and reconsider [its] own decisions for cogent and compelling reasons."  *United States* v. *Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002); *see also Gulino* v. *Bd. of Educ. of N.Y.C. School Dist. of City of New York*, 555 F. App'x 37, 39 (2d Cir. 2014) (summary order) (finding law of the case to be a "flexible doctrine" from which a court "may depart").

Here, the significantly changed circumstances discussed above counsel in favor of permitting Plaintiff to pursue damages for her own benefit.  In *Cahill I*, the Court held that, in light of the substitution of the Trustee as

14

Plaintiff, "equitable considerations" favored limiting the Trustee's potential damages to an amount sufficient to cover the unsatisfied claims against Wesko's Chapter 7 bankruptcy estate.  2021 WL 3501196, at *7.  These "equitable considerations" included the important concerns of preserving the integrity of Wesko's bankruptcy proceeding and protecting the rights of the creditors to her estate.  *Id.* (citing *Grammer* v. *Mercedes Benz of Manhattan*, No. 12 Civ. 6005 (LTS), 2014 WL 1040991, at *6 (S.D.N.Y. Mar. 13, 2014) (finding that the application of judicial estoppel against the trustee "would not be equitable," as it "would represent a significant detriment to the Trustee and, more importantly, to [the plaintiff's] creditors while at the same time permitting Defendant to receive a possible windfall by virtue of not being held accountable for its allegedly illegal actions" (alteration in *Grammer*) (citation omitted))); *see also Cody*, 2020 WL 3639935, at *9-10 (permitting the trustee to prosecute the action in lieu of plaintiff and seek recovery on behalf of plaintiff's creditors, in part, because the court saw "no reason" to "hurt[] [p]laintiff's creditors more than anyone else").

These motivating considerations, however, are no longer present.  As discussed, since the Court's prior ruling there has been a significant change in circumstances: at the time of the Court's prior decision, the Trustee was the real party in interest and Wesko's bankruptcy had not yet been discharged.  Now, however, Defendant concedes — and the Court agrees — that (i) Wesko is the real party in interest; (ii) the Trustee administered the estate inclusive of the claims at issue here (Tardif Decl. ¶ 2), determined that these claims were

15

fully exempt (*id.* ¶ 6), filed a report of no distribution (*id.* ¶ 7); and (iii) thereafter the bankruptcy case was closed and the claims pending in this matter were abandoned by the Trustee to Wesko (*id.* ¶¶ 8-9).  Thus, while the Court's prior decision limiting Wesko's damages provided creditors a means to potentially collect on their debts, as well as mechanism through which to seek redress for the harms underlying Wesko's claims against Defendant, the ensuing discharge of Wesko's bankruptcy proceeding (which was ultimately fully administered with consideration of Wesko's claims) obviates the need for such a result.  Accordingly, the Court will permit Wesko to seek damages for her own benefit, and denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to substitute Wesko as party-plaintiff for the Trustee in this action.  The Clerk of Court is directed to amend the case caption accordingly.  The Court DENIES Defendant's cross-motion to dismiss this action.  The parties are directed to file a status letter with the Court discussing proposed next steps in this litigation on or before **July 30, 2024**.

The Clerk of Court is directed to terminate the pending motion at docket number 77.

SO ORDERED.

Dated:      June 21, 2024
            New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge